UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YOON SHIK PARK, a.k.a. Paul Park,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM
& ORDER**

09 Civ. 8987 (LBS)
S2 05 Cr. 360 (LBS)

---

SAND, J.

    Petitioner Yoon Shik Park appearing *pro se* filed the instant petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Petitioner was found guilty after a jury trial of one count of conspiring to distribute and possess with the intent to distribute methylenedioxymethamphetamine, commonly known as "MDMA" or ecstasy, and was sentenced to 151 months imprisonment, three years supervised release and a $100 special assessment.  Petitioner now raises two grounds for relief.  First, he claims that the Court violated his Sixth Amendment rights by enhancing his sentence above the range applicable to the facts found by the jury.  Second, Petitioner claims that his appellate counsel was ineffective for failing to raise a hearsay issue on appeal.  For the reasons set forth below, the petition is denied.

**I.  Background**

    The evidence at trial proved that from approximately May 2003 through March 2005, Petitioner participated in a conspiracy to distribute thousands of pills of ecstasy. From the spring of 2003 through 2004, including March 17, 2004, Petitioner purchased

ecstasy from his principal source of supply, Kit Lau, on approximately ten separate occasions. Over this period, Petitioner is believed to have purchased approximately 19,000 ecstasy pills. Petitioner originally purchased pills from Lau in quantities of 200 or 300, but in the summer of 2003, he began purchasing in quantities of 1,000. On several occasions he purchased 2,000 or 3,000 pills at a time, and on two occasions he purchased 5,000 pills.

The evidence at trial focused primarily on a drug deal that took place on Main Street in Flushing, Queens in March 2004. On March 17, 2004, law enforcement agents, working with a confidential informant ("CI"), planned to purchase 1,000 ecstasy pills from Daisy Wong. The CI met with Wong and placed an order for drugs. Wong then contacted her supply source, Vincent Tom, who then contacted his supplier, Petitioner, to provide him with the pills. Petitioner contacted Lau, and that night Lau sold Park 1,000 pills of ecstasy. Park sold the pills to Tom, who sold the pills to Wong, who sold the pills to the CI. The pills were then seized by the Government.

On March 22, 2005, Petitioner was arrested. In the course of the arrest, law enforcement seized Petitioner's cell phone. That evening, while the evidence was being processed, Petitioner's cell phone began to ring, and the name "Jumbo" appeared on the caller ID. Agent Benjamin Yu answered the phone and did not identify himself as law enforcement. Yu had a conversation with Jumbo regarding the purchase of "E." Later that evening Yu initiated a second call with Jumbo regarding the drug purchase. After a one week jury trial, Petitioner was convicted of the sole count of the Indictment.

On September 12, 2006, this Court held a sentencing hearing. At the hearing, Lau testified that he distributed approximately 19,000 ecstasy pills to Petitioner at various

locations. This testimony was consistent with the testimony Lau gave at trial. After hearing argument from both counsel, the Court found by a preponderance of the evidence that based on Lau's testimony, the quantity of ecstasy attributable to Petitioner exceeded 5,600 pills. The Court explained that it considered both the Sentencing Guidelines and the factors set forth in the 18 U.S.C. § 3553(a), and then sentenced Petitioner to 151 months imprisonment.

On appeal, Petitioner raised two issues. First, Petitioner alleged that the admission of testimony regarding the Jumbo telephone calls with Yu on the night of Petitioner's arrest violated Petitioner's Confrontation Clause rights under the Sixth Amendment. Second, Petitioner alleged that the Court erred at sentencing by miscalculating the applicable Guideline range and making erroneous findings of fact concerning the number of pills attributable to him based upon the uncorroborated testimony of Lau, a cooperating witness. In a summary order, the Court of Appeals for the Second Circuit affirmed the judgment of this Court.

**II.   Analysis**

    **a.  Sixth Amendment *Apprendi* Claim**

Petitioner raises for the first time in the instant petition a claim that the Court "violated his Sixth Amendment rights because the sentencing judge made a factual finding and mandatorily enhanced movant's sentence above the range applicable to facts found by a jury. . . ." (Pet'r Supp. Mem. 2.) Contrary to Petitioner's assertions, he did not, as he does here, raise an *Apprendi* claim in his appeal. Rather, Petitioner objected to any reliance on Lau's testimony in sentencing. In its summary order, the Court of

Appeals concluded that our finding that Petitioner distributed more than 5,600 ecstasy pills was not clearly erroneous. *Park*, 278 Fed. Appx. at 67.

Petitioner is foreclosed from litigating claims under Section 2255 that he could have raised on appeal but did not, absent a showing of cause and prejudice for the failure to raise them, or a showing that he is "actually innocent." *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner does not make a showing of cause and prejudice, but he claims that he is actually innocent. (Pet'r Reply 2.) "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has made no such showing; he has merely asserted his innocence in a conclusory fashion. Therefore, Petitioner's *Apprendi* claim is procedurally barred.

### b. Ineffective Assistance of Counsel

Petitioner claims that his counsel was ineffective for failing to challenge the testimony of "Jumbo" as inadmissible hearsay. After Petitioner's arrest, Agent Benjamin Yu had picked up Petitioner's cell phone when "Jumbo" called and pretended to be Petitioner. Jumbo and Yu had two conversations total, both of which were admitted at trial. On appeal, Petitioner's counsel argued that the admission of Jumbo's testimony violated Petitioner's Confrontation Clause rights, but did not challenge its admission on hearsay grounds.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two part test to determine whether or not counsel's assistance is ineffective. 466 U.S. at

687.  First, Petitioner must show that counsel's performance was deficient, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.*  To establish that counsel was ineffective, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688.  Second, the defendant must show that the deficient performance prejudiced the defense, which requires that petitioner show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

If Petitioner cannot establish both *Strickland* prongs, his claim fails.  "There is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697; *see also Cousart v. Hammock*, 745 F.2d 776, 778 (2d Cir. 1984).  Petitioner cannot establish any prejudiced caused by his appellate counsel's failure to challenge that admission of the testimony on hearsay grounds.  The Court of Appeals for the Second Circuit noted in its Summary Order affirming Petitioner's conviction that even if the Jumbo testimony was inadmissible hearsay, its admission was harmless.  *United States v. Park*, 278 Fed. Appx. 66, 67 n.1 (2d Cir. 2008).  Any alleged errors of counsel did not result in prejudice to Petitioner; therefore, Petitioner's claim of ineffective assistance of counsel is denied.

### III.    Conclusion

Petitioner's motion to vacate, set aside, or correct his sentence is denied.  The Clerk of Court is directed to close this case.  Petitioner has failed to make any substantial

showing of a denial of a constitutional right; accordingly, the Court declines to issue a Certificate of Appealability.

**SO ORDERED.**

Dated: Aug. 31, 2010
New York, NY

_____
U.S.D.J.